# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ALBERT LEE ROSS,<br><br>        Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 1:04CR3DAK |

      Defendant, Albert Lee Ross, has filed a motion for termination of his remaining supervised release. On July 18, 2005, the court sentenced Defendant to eighty-four months of incarceration. That term of incarceration was adjusted to 70 months on June 24, 2008 because of new crack cocaine guidelines. Defendant's term of supervised release, however, remained constant at sixty months. Defendant's term of supervised release began December 14, 2008 and is not set to terminate until December 14, 2013.

      Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and

the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

The court contacted Defendant's Probation Officer who stated that Defendant has performed well on supervised release. He has paid off financial obligation, obtained employment and held it consistently, has had a stable residence, and has remained drug-free. Defendant appears to have turned his life around. While Defendant is on the right path on his supervised release, the court must consider that Defendant has only served a small fraction of the term imposed. While the court does not want to diminish the significance of Defendant's good behavior, the court believes that the nature of Defendant's offense justified a lengthy period of supervised release and continued supervision will help ensure that Defendant continues along the right path consistently for a longer period of time before his supervision is terminated. The court applauds Defendant for his current conduct but concludes that Defendant's motion is premature at this time. The court, however, is willing to consider a similar motion in one year. Defendant's motion to terminate supervised release is denied at the present time.

DATED this 2d day of August, 2010.

_____
DALE A. KIMBALL
United States District Judge